30 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon SMITH, Defendant-Appellant.
 No. 93-50356.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 4, 1994.
Decided July 28, 1994.
 
 Before: HUG, WIGGINS and NOONAN, Circuit Judges
 MEMORANDUM*
 Leon Smith (Smith) appeals the district court's denial of his motion to suppress, his conviction for aiding and abetting an armed bank robbery, and a sentencing enhancement for reckless endangerment during flight. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm except as to the sentencing enhancement.
 Probable cause for Smith's arrest.
 Smith argues that the fruits of his arrest should have been suppressed, because the government failed to establish probable cause for the arrest. The district court's determination that probable cause existed is reviewed de novo ( United States v. Fouche, 776 F.2d 1398, 1403 (9th Cir.1985)), and the underlying facts for clear error ( United States v. Greene, 783 F.2d 1364, 1367 (9th Cir.1986)).
 The clear rule is that there is probable cause to arrest when the police officers have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect has committed or is committing a crime. The officers' experience may be considered in determining whether there is probable cause, and conduct innocent to the untrained eye may carry a different "message" to the trained and experienced eye. Fouche, 776 F.2d at 1403. Where there has been communication among the officers, probable cause can rest upon the investigating officers' "collective knowledge." United States v. Del Vizo, 918 F.2d 821, 826 (9th Cir.1990).
 Smith correctly observes that where there is no more than an unsubstantiated radio broadcast, there is no probable cause to arrest. United States v. Robinson, 536 F.2d 1298 (9th Cir.1976). Also correctly, Smith observes that here the government never produced the source of the original radio broadcast. But Smith errs in concluding that the government lacked probable cause to arrest him. What the officers collectively observed and communicated after they spotted the Gold Nissan, combined with what Officer Sanchez alone observed before arresting Smith, established probable cause. See United States v. Sanchez-Vargas, 878 F.2d 1163, 1167 (1989); Draper v. United States, 358 U.S. 307 (1959).
 Sufficiency of the evidence for conviction under 18 U.S.C. Sec. 924(c).
 In reviewing a conviction for the sufficiency of the evidence, this court will uphold the conviction if, after viewing all of the evidence in the light most favorable to the government, the court concludes that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 309 (1979).
 Smith argues that there was insufficient evidence to convict him of aiding and abetting (18 U.S.C. Sec. 2(a)) the violation of 18 U.S.C. Sec. 924(c) ("us[ing] or carr[ying] a firearm" during a crime of violence), because the evidence did not show that he aided and abetted the firearm "part" of the robbery. We disagree, however, because the circumstances ( United States v. Reese, 775 F.2d 1066, 1072 (9th Cir.1985)) were sufficient for any rational trier of fact to find that Smith aided and abetted use of the gun. The gun was essential to the success of the robbery. In the word's of the court in United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir.1992), cert. denied, 113 S.Ct. 1345 (1993), the gun was "integral to the [Sec. 924(c) ] crime." Because the gun was cardinal to the success of the robbery, there was circumstantial evidence that Smith associated himself with the use of the gun, wished that the gun be used ( see Nye & Nissen v. United States, 336 U.S. 613, 619 (1949)), and helped Scroggins use the gun by looting the bank.
 Alleged misstatements of the law in closing argument.
 Smith argues that the prosecution misstated the law during closing argument and that his conviction must, therefore, be reversed. A careful review of the transcript reveals that the prosecution's statement of the law was substantially correct and that if there was any error it was so minor as certainly to have been corrected by the court's admonition that "[i]f ... any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you, of course, are to be governed by the instructions." The standard of Federal Rule of Criminal Procedure 52(a) was met. See United States v. Becker, 720 F.2d 1033, 1036 (9th Cir.1983).
 18 U.S.C. Sec. 924(c).
 Smith argues that it was error for him to receive the mandatory ten-year sentence of 18 U.S.C. Sec. 924(c). We review the question de novo ( see United States v. Fredman, 833 F.2d 837, 838 (9th Cir.1987)) and conclude that it was not error.
 Smith was convicted as an aider and abettor under 18 U.S.C. Sec. 2(a), which made Smith "punishable as a principal." The crime that Smith aided and abetted was 18 U.S.C. Sec. 924(c), which mandates a ten-year sentence. Where, as here, the principal would be punished with a ten-year sentence, so must the person "punishable as"--not like--"a principal."
 United States v. Pino-Perez, 870 F.2d 1230, 1236 (7th Cir.) (en banc), cert. denied, 493 U.S. 901 (1989), is distinguishable. There the aider and abettor was punished for a characteristic that was proper to the principal, whereas here Smith is to be punished for a characteristic that, ex hypothesi, has been proved to be properly his, viz. use of a gun in an armed robbery. Cf. United States v. Miskinis, 966 F.2d 1263, 1267 (9th Cir.1992).
 Section 3C1.2 Enhancement for Reckless Endangerment During Flight.
 Smith objects that his sentence was enhanced under Section 3C1.2 for reckless endangerment during flight. Under certain circumstances a passenger's sentence is properly enhanced in connection with a reckless getaway, but a passenger is not presumptively responsible for a getaway driver's conduct. The district court must, therefore, engage in a fact specific enquiry in considering whether to apply the enhancement. United States v. Young, Nos. 93-50186, 93-50229 (9th Cir. June 7, 1994). Because the district court in this case did not make the necessary factual findings, the case must be remanded to the district court for findings as to the specific conduct on which it based the enhancement, including any inferential evidence on which it relied.
 AFFIRMED EXCEPT AS TO SENTENCING ENHANCEMENT and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3